IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN J. HAYS                                                                                        PLAINTIFF

v.                                          CIVIL NO. 12-5034

THE WILLIAMS LAW FIRM;
THE MUNICIPALITY OF GENTRY,
ARKANSAS; and THE MUNICIPALITY
OF HIGHFILL, ARKANSAS                                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Steven J. Hays, filed a pro se civil action on February 24, 2012. Before the undersigned is Plaintiff's motion to proceed *in forma pauperis* (IFP) and for service upon the named Defendants. (Doc. 3).

### I. Background

In his Complaint, Plaintiff alleges that he contacted Defendant The Williams Law Firm (hereinafter "the Prosecutor"), the prosecutor for Defendants Gentry and Highfill Municipalities, three times to inform the Prosecutor of his desire for a speedy trial. Plaintiff alleges that the Prosecutor refused to speak to Plaintiff, a "Pro Se Attorney," thus causing and costing Plaintiff time, money and reputation for almost one year. Plaintiff alleges that the Prosecutor's refusal to communicate with Plaintiff, as an attorney, should be considered prosecutorial misconduct as it caused unjustifiable and unconstitutional delay of his case. Plaintiff alleges that damages are "ongoing and unspecified" at this time.

## II. Discussion

Because Plaintiff is seeking to proceed IFP, the Court must first determine whether Plaintiff qualifies for such status under 28 U.S.C. § 1915(a). In reviewing Plaintiff's IFP application (Doc. 3), it appears that he qualifies for IFP status due to his economic circumstances and his Motion to Process IFP (Doc. 3), is, therefore, GRANTED.

The Court must next determine whether the cause of action stated in the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). A Complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, as it appears Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. See West v. Atkins, 487 U.S. 42, 48 (1988). Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 570 (2007)). "A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard." See Ventura-Vera v. Dewitt, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

Plaintiff's Complaint is subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984,

995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430. See also Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the Complaint, it is clear the Defendant Prosecutor is entitled to absolute immunity. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Plaintiff also included Defendants Gentry and Highfill Municipalities in his Complaint. "[M]unicipalities do not enjoy immunity from suit-either absolute or qualified-under § 1983.... [B]ut it cannot be held liable unless a municipal policy or custom caused the constitutional injury." Leatherman v.. Tarrant County, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162 (1993); see also Mettler v. Whitledge, 165 F.3d 1197 (8th Cir.1999). In order for a municipal policy or custom to be the cause of the constitutional injury, it must be "the moving force of the constitutional violation." Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 2038 (1978). Here, Plaintiff has failed to implicate a municipal policy or custom by which he was caused injury. See Stepnes v. Ritschel, 663 F.3d 952, 963 (8th Cir. 2011)(citations omitted). Therefore, Plaintiff has not alleged § 1983 claims against Defendants Gentry and Highfill Municipalities upon which relief can be granted.

### III.  Conclusion

Accordingly, I recommend that Plaintiff's Motion to Proceed IFP (Doc. 3) be **GRANTED**, but that Plaintiff's Complaint (Doc. 1) be **DISMISSED IN ITS ENTIRETY** as it is frivolous, fails to state a claim, and seeks relief from a Defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).

**Plaintiff has fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of February 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)